Dear Mr. Lupin:
You have requested an opinion from this office concerning the state charity hospitals which were transferred to the Louisiana Health Care Authority (LHCA) in accordance with Act 390 of 1991 and Executive Order BR 91-27. You ask:
 1. Whether or not LHCA owns the facilities transferred to it in January of 1992; and
 2. If yes, whether or not LHCA has the authority to mortgage those facilities and use the funds for legitimate LHCA purposes.
It is the opinion of this office that the LHCA does own the facilities and it may mortgage those facilities for the purpose of implementing the comprehensive plan which was established and set forth in Act 444 of 1989, Act 855 of 1990, and Act 390 of 1991.
The legislature vested the ability to own these state charity hospitals in the LHCA in LSA-R.S. 46:707(A)(1), which provides:
" § 707 Powers and Duties of the Authority
 A. The authority [LHCA], acting through the board [the governing body of the authority], shall have the following general powers and duties:
 (1) To hold title to immovable and movable property, to acquire such property through purchase, gift, lease, or otherwise, and to dispose of such property by sale or lease in accordance with the general laws of the state." (Emphasis added.)
In accordance with the legislative intent of maintaining and enhancing the quality of health care to the indigent and uninsured citizens of Louisiana, the Governor, by Executive Order No. BR 91-27, transferred from the Department of Health and Hospitals to the LHCA "all positions, personnel, funds, office space, facilities, equipment, books, papers, records, money, actions and other property of every kind, movable or immovable, real and personal heretofore possessed, controlled, or used by . . . the above listed [state charity] hospitals," which are listed not only in Executive Order No. BR 91-27, but also in LSA-R.S. 46:708(A). Moreover, LSA-R.S. 46:708 provides for the transfer of all legal proceedings and documents, all contractual and other obligations, and any gift, donations, deed, will, trust, or other instrument or disposition by which property is vested in any such state charity hospital facility, office, or department. Clearly, the legislature intended to vest ownership of these state charity hospitals in the LHCA.
As for the ability to mortgage these facilities, the legislature was quite clear in granting this power to the LHCA. LSA-R.S.46:707(D) provides the following:
 "D. Notwithstanding any other provision of law to the contrary, the authority shall:
 (1) Have the authority to incur debt and issue bonds, as authorized by R.S. 39:559.1, including the power to mortgage authority facilities, in connection with the need to secure any such debt or bonds, provided however that the authority may not exceed a total annual bond debt service of eight million five hundred thousand dollars for equipment . . ." (Emphasis added.)
Thus, as can be seen from the above, LHCA has the authority to mortgage authority facilities in connection with the need to secure any indebtedness it incurs, as well as any bonds issued.
If we can be of further assistance, please do not hesitate to notify us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0154R